## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC., a California corporation,<br><br>        Petitioner,<br><br>     v.<br><br>JAMP PROMOTIONS, LLC,<br>            Respondent. | MISCELLANEOUS ACTION<br><br>Case No. _____ |
| LIFE ALERT EMERGENCY RESPONSE, INC. a California corporation,<br><br>        Plaintiff,<br><br>     v.<br><br>CONNECT AMERICA.COM, LLC, a Delaware limited liability company, et al.,<br><br>        Defendants. | Case No. CV13-03455 JAK (SSx)<br>(C.D. Cal.) |

**PLAINTIFF LIFE ALERT EMERGENCY RESPONSE, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL JAMP PROMOTIONS, LLC TO COMPLY WITH SUBPOENA**

**[EXPEDITED RELIEF REQUESTED]**

OF COUNSEL:

Jill Pietrini
Danielle Levine
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Tel: (310) 228-3700

Dated:  December 23, 2014
1176123

POTTER ANDERSON & CORROON LLP

Brian C. Ralston (Del. Bar No. 3770)
Tyler J. Leavengood (Del. Bar No. 5506)
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
bralston@potteranderson.com
tleavengood@potteranderson.com

*Attorneys for Petitioner and Plaintiff Life Alert Emergency Response, Inc.*

## TABLE OF CONTENTS

**<u>Page</u>**

I.      INTRODUCTION ............................................................................................1

II.     STATEMENT OF FACTS ..............................................................................2

      A.      Life Alert, Its Famous Trademarks, And The Infringement Of Life Alert's
           Trademarks By LifeWatch And JAMP...................................................................2

      B.      The Preliminary Injunction Order Against LifeWatch ............................................3

      C.      Life Alert Seeks Discovery From JAMP In Connection With Its Role In
           The California Action ..............................................................................................5

III.    DISCOVERY AT ISSUE ................................................................................7

IV.     LIFE ALERT'S MOTION SHOULD BE GRANTED AND PRODUCTION
      MADE OF ALL RESPONSIVE DOCUMENTS WITHOUT OBJECTION ...................10

V.      REQUEST FOR EXPEDITED PROCEEDINGS ..............................................13

VI.     CERTIFICATE OF GOOD FAITH EFFORTS (LOCAL RULE 7.1.1) ...........................13

VII.    CONCLUSION................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Averbach v. Rival Mfg. Co.*
    879 F.2d 1196 (3d Cir. 1989)................................................................................11

*CP Kelco U.S. Inc. v. Pharmacia Corp.*
    213 F.R.D. 176 (D. Del. 2003) .............................................................................11

*Daumer v. Allstate Ins. Co.*
    1992 WL 277650 (E.D. Pa. 1992) ........................................................................11

*Pacitti v. Macy's*
    193 F.3d 766 (3d Cir. 1999).................................................................................11

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*
    821 F.Supp. 232 (D. Del. 1992)...........................................................................10

<u>Other Authorities</u>

Fed.R.Civ.P. 26..........................................................................................................11

Fed.R.Civ.P. 26(b) .....................................................................................................11

Fed.R.Civ.P. 26(b)(1)..................................................................................................11

Fed.R.Civ.P. 45....................................................................................................1, 2, 6, 10

Fed.R.Civ.P. 45(c)-(e).................................................................................................10

Fed.R.Civ.P. 45(d)(2)(B) ............................................................................................10

Fed.R.Civ.P. 45(d)(3).................................................................................................11

Local Rule 7.1.1 .........................................................................................................13

<u>**MEMORANDUM**</u>

## I.    <u>INTRODUCTION</u>

Plaintiff and petitioner Life Alert Emergency Response, Inc. ("Life Alert") is a nationally-recognized leader in the field of personal emergency response services and related products, and has been for decades.  Life Alert owns valuable trademarks associated with its personal emergency response business, and has spent millions of dollars and dozens of years building goodwill in its brand and trademarks.

One of Life Alert's competitors, defendant LifeWatch, Inc. ("LifeWatch"), has been involved in a nationwide scam through which LifeWatch and its outside sellers/telemarketers (such as Respondent JAMP Promotions, LLC ("JAMP")) dupe unassuming senior citizens into purchasing LifeWatch's competing goods and services by infringing Life Alert's trademarks, creating a false association or connection with Life Alert, and engaging in other unfair competition and illegal conduct.  Life Alert has filed a lawsuit in United States District Court for the Central District of California (the "California District Court") against LifeWatch and others entitled *Life Alert Emergency Response, Inc. v. Connect America.com LLC, et. al*, Case No. 2:13-cv-03455-JAK-SS (the "California Action").

In connection with the California Action, Life Alert has sought discovery from JAMP via a subpoena for the production of documents and tangible things pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), which Life Alert properly served on JAMP on July 17, 2014 (the "Subpoena").  (*See* Ex. A.)[1]  JAMP did not object to the Subpoena, nor did it produce any documents in response to the Subpoena, as it was commanded and required to do by August 18, 2014.  JAMP has therefore waived any and all objections to the Subpoena.  JAMP

---

[1]    References to "Ex. A" are to the Subpoena and Affidavit of Service, true and correct copies of which are attached hereto as **Exhibit A**.

has also ignored all of Life Alert's attempts to meet and confer with it regarding JAMP's

continuing refusal to comply with its obligations under Fed.R.Civ.P. 45.

While JAMP has failed altogether to honor its discovery obligations, it has been assisting

LifeWatch in defending the California Action by, *inter alia*, executing a conclusory declaration

denying wrongdoing.  Despite this, JAMP has refused to provide even the documents supporting

the denials in its declaration.

Accordingly, the Court should grant Life Alert's motion and compel JAMP to produce <u>all</u>

documents responsive to the Subpoena <u>without objection</u> and to verify, under oath, that all

responsive documents have been produced.

## II.   <u>STATEMENT OF FACTS</u>[2]

### A.   <u>Life Alert, Its Famous Trademarks, And The Infringement Of Life Alert's Trademarks By LifeWatch And JAMP</u>

Life Alert has provided personal emergency response services and related products for

senior citizens on a 24 hour-a-day, 7 day-a-week basis for over 25 years.  (Ex. B at ¶ 18.)[3]  Life

Alert owns valuable and enforceable trademark rights to many well-known marks associated

with its medical alert products and services, including the registered trademarks LIFE ALERT

and I'VE FALLEN AND I CAN'T GET UP!  (*Id*. at ¶¶ 19-25.)  Life Alert's trademarks are

famous and instantly recognizable as being associated with the high-quality goods and services

of Life Alert.  (*Id*.)

---

[2]      The following background facts regarding the fame of Life Alert's trademarks, the alleged infringement scheme by LifeWatch and its outside sellers/telemarketers, and the California District Court's order granting a preliminary injunction against LifeWatch and its agents are not critical to the Court's determination of the instant motion.  Rather, they are provided simply to shed light on how the discovery at issue here ties into the underlying case.

[3]      References to "Ex. B" are to the amended complaint that Life Alert filed in the California Action on August 28, 2013, a true and correct copy of which is attached hereto as **Exhibit B**.  The amended complaint is the operative complaint in the California Action.

Since at least June 2012, LifeWatch has been involved in a nationwide illegal phone call scam targeting senior citizens.  (Ex. B at ¶¶ 64, 66-67.)  As part of that scam, LifeWatch and its outside sellers/telemarketers pursue unsuspecting seniors with unsolicited automated phone calls made with recorded messages (commonly known as "robo-calling"), including phone calls to persons on government "Do Not Call" lists.  (*Id*. at ¶ 64.)  During these robo-calls, LifeWatch and its outside sellers/telemarketers wrongfully use Life Alert's famous trademarks, falsely indicate that they work with "Life Alert" or with the "I've Fallen and I Can't Get Up!" company (*i.e.*, Life Alert), and make other material misrepresentations to dupe unsuspecting consumers into buying personal emergency response products and services from LifeWatch.  (*Id.* at ¶¶ 64-76.)

On May 14, 2013, Life Alert filed a complaint against LifeWatch and other defendants, arising out of LifeWatch's illegal telemarketing scheme and wrongful attempts to unfairly trade on the Life Alert brand.  On August 28, 2013, Life Alert filed an amended complaint, which is the operative complaint in the California Action.

### B.     The Preliminary Injunction Order Against LifeWatch

After repeated (unsuccessful) attempts to stop LifeWatch and its agents from blatantly infringing on Life Alert's trademarks, Life Alert filed a motion for a temporary restraining order and preliminary injunction against LifeWatch.

One of the central issues the parties litigated in connection with the preliminary injunction motion was the extent to which LifeWatch directs, controls, and/or monitors the efforts of outside sellers/telemarketers (like JAMP) who are selling or have sold products on LifeWatch's behalf.  LifeWatch has entered into agreements with its outside sellers/telemarketers (sometimes referred to by LifeWatch as "Purchase Agreements" and "Insertion Orders"), which

purport to set forth the terms on which the outside sellers/telemarketers provide services to

LifeWatch.  These agreements constitute one form of evidence regarding the nature and extent of

LifeWatch's knowledge and control of its outside sellers/telemarketers' unlawful acts.  Relying

on these agreements, the California District Court found that there is sufficient evidence to show

that LifeWatch had the requisite knowledge and control of its outside sellers/telemarketers'

unlawful acts to support claims of contributory infringement and vicarious liability against

LifeWatch.  As the California District Court observed:

> [LifeWatch] reviews recordings to ensure that the communications
> to potential customers are not misleading.  It has the right to
> indemnify, and can seek remedies should the Sellers engage in any
> improper marketing or sales activities, including ones that would
> infringe [Life Alert's] trademarks.  It also has knowledge that
> certain third parties with whom it previously contracted made
> misstatements in connection with the sale of [LifeWatch's]
> products and services.  Therefore, [Life Alert] has sufficiently
> established a likelihood of success on the merits as to [its
> contributory infringement claim].

> [T]here is sufficient evidence to show that [Life Alert] is likely to
> prevail on the merits as to its claims that [LifeWatch] continues to
> exercise substantial control over the Sellers and thereby over the
> telemarketers whom they engage.  [LifeWatch] continues to
> monitor the content of the communications between telemarketers
> and consumers … [LifeWatch] also has the apparent ability, under
> the terms of its Purchase Agreements with the Sellers, to call for a
> modification of the content so that it conforms to the terms of these
> agreements, *e.g.*, that the Sellers comply with all applicable laws in
> connection with sales to consumers and present scripts to the
> telemarketers as part of ensuring such compliance.  Moreover,
> [LifeWatch] may terminate its relationship with the Sellers to the
> extent that the marketing and sales activities for which they
> contract violate relevant laws.

(Ex. C at 14-16.)[4]

---

[4]     References to "Ex. C" are to the Minute Order Re Plaintiff's Motion For A Preliminary
Injunction issued by the California District Court on May 13, 2014, a true and correct copy of
which is attached hereto as **Exhibit C**.

Based on these findings, the California District Court *granted* Life Alert's motion for preliminary injunction and enjoined LifeWatch (and its subsidiaries, officers, directors, employees, successors and related companies) from:  (i) using Life Alert's trademarks; (ii) working, through contract or other agreement, with an person or entity whom any of them know or should know is providing telemarketing services by using any of Life Alert's trademarks; (iii) having LifeWatch acquire any customer or customer accounts that LifeWatch knows or should know were obtained through the use of Life Alert's trademarks; (iv) representing or implying that LifeWatch, or any of its products or services, is in any way sponsored by, affiliated with, or endorsed or licensed by Life Alert; (v) manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or rendering any services using Life Alert's trademarks; and (vi) knowingly assisting, inducing, aiding, or abetting any other person or business entity engaging in or performing any of the above activities (the "Injunction Order").

The California District Court further ordered LifeWatch to provide all those with whom it has entered into so-called "Purchase Agreements" or similar contracts (*i.e.*, its outside sellers) with notice of the Injunction Order by providing a copy of it to them, and directing such persons or entities to make the same notification to those with whom each contracts with respect to the promotion and sale of LifeWatch products and services (*i.e.*, its telemarketers).  (Ex. D at 1-2.)[5]

### C.    Life Alert Seeks Discovery From JAMP In Connection With Its Role In The California Action

During discovery in the California Action, LifeWatch identified JAMP as one of the outside sellers/telemarketers that LifeWatch employs to sell its products and services.

---

[5]    References to "Ex. D" are to the Order Re Preliminary Injunction issued by the California District Court on May 13, 2014, a true and correct copy of which is attached hereto as **Exhibit D**.

-5-

On July 17, 2014, Life Alert served the Fed.R.Civ.P. 45 Subpoena on Kelly Lauker of United States Corporation Agents, Inc., JAMP's registered agent for service.  (*See* Ex. A.)  The response deadline was set for August 18, 2014.  JAMP did not serve any objections or otherwise respond to the Subpoena before the August 18, 2014 deadline, nor did JAMP ever contact Life Alert to request an extension of its time to respond.  JAMP has never attempted to respond to the Subpoena at any time since the August 18, 2014 deadline, nor has it ever filed a motion to quash. *JAMP has not produced a single responsive document in connection with the Subpoena*.

While JAMP has failed altogether to honor its discovery obligations, it has been assisting LifeWatch in defending the California Action by, *inter alia*, executing a conclusory declaration denying wrongdoing dated April 4, 2013.[6]  Despite this, JAMP has refused to provide even the documents supporting the denials in its declaration, although they are responsive to the Subpoena.[7]

On December 10, 2014, Life Alert attempted to meet and confer with JAMP regarding its failure to respond, object, or produce documents responsive to the Subpoena.  Life Alert informed JAMP that in light of its failure to respond and/or object to the Subpoena or to produce any responsive documents at all, JAMP had waived all objections to the Subpoena.  Accordingly, Life Alert requested that JAMP produce *all* documents requested in the Subpoena (without

---

[6]     Because the declaration submitted by Mark Link, Vice President of Sales for JAMP, was produced and designated by LifeWatch as "attorneys' eyes only," Life Alert has not attached it as an exhibit hereto.  However, what is germane to the Court's determination of the instant motion is the fact that JAMP has assisted in LifeWatch's defense by providing a declaration, while simultaneously refusing to comply with the Subpoena; the substance (or lack thereof) of JAMP's declaration is not of consequence here.

[7]     Instead, JAMP referenced in its declaration (and LifeWatch appears to have produced) a couple pages of documents reflecting general facts and information about LifeWatch's services and products, none of which touches upon any of the topics set forth in the Subpoena.  In any event, JAMP did not produce a single document in response to the Subpoena.

objection) no later than *December 17, 2014*.[8]  At that time, Life Alert notified JAMP that if it did

not fully comply with the Subpoena, Life Alert would "be forced to seek judicial intervention,

including, but not limited to, sanctions against JAMP and Life Alert's attorneys' fees and costs

incurred in filing a motion to compel."  (Ex. E at 1.)  Once again, JAMP did not respond.

 To date, JAMP still has not responded or produced any documents or tangible things in

response to the Subpoena.

## III. DISCOVERY AT ISSUE[9]

 On July 17, 2014, Life Alert served the following document requests on JAMP, responses

to which were due no later than August 18, 2014, but have never been provided.  Life Alert

attempted to meet and confer with JAMP and gave JAMP until December 17, 2014, to comply

with the Subpoena, but was again met with total silence from JAMP.  At that point, it became

clear that Court intervention would be necessary to compel JAMP's compliance with the

Subpoena.

 **REQUEST FOR PRODUCTION NO. 1:**

 Copies of all telemarketing scripts used or intended to be used by YOU in connection
with the sale of LIFEWATCH products or services.

 **REQUEST FOR PRODUCTION NO. 2:**

 Communications of any kind (email, text messages, letters, Skype transcripts, etc.)
between YOU and LIFEWATCH relating to any telemarketing scripts used or intended to be
used by YOU in connection with the sale of LIFEWATCH products or services.

 **REQUEST FOR PRODUCTION NO. 3:**

 Copies of all radio, television, internet and print advertising used by YOU to originate
customer accounts for LIFEWATCH at any time during the period beginning 2011 to the
present.

---

[8] A true and correct copy of the December 10, 2014 correspondence between Life Alert
and JAMP is attached hereto as **Exhibit E**.

[9] Terms in all capital letters are defined in the Subpoena attached hereto as Exhibit A.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to advertising used by YOU to originate customer accounts for LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 5:**

All declarations or affidavits signed by YOU that YOU provided to LIFEWATCH and any drafts thereof.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU, or anyone on YOUR behalf, on the other hand relating to any declaration or affidavit signed by YOU or any drafts thereof.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to the Order Re: Preliminary Injunction issued against LIFEWATCH, a copy of which is attached hereto as **Exhibit A**.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to any or all of LIFE ALERT'S TRADEMARKS.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements, proposed agreements, memorandums of understanding or the like between YOU and LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to any agreements, proposed agreements, or memorandums of understanding.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to reflect the total number of customers obtained by YOU for LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to reflect the total number of customer accounts sold by YOU to LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to the solicitation of customers by YOU on behalf of or at the request of LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to complaints from customers YOU obtained or tried to obtain for LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS which constitute, reflect or refer to communications of any kind (including, but not limited to, email, text messages, letters, Skype transcripts, etc.) between LIFEWATCH or anyone on its behalf, on the one hand, and YOU or anyone on YOUR behalf, on the other hand, relating to robocalling.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS, including copies of all audiotapes or recordings, of telephone conversations regarding medical alert systems with customers that YOU obtained for LIFEWATCH that were recorded at any time during the period beginning 2011 to the present.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to identify any companies that provide personal response services or products other than LIFEWATCH to which YOU sold customer accounts.

**REQUEST FOR PRODUCTION NO. 18:**

Copy of any of YOUR telemarketing licenses that were in effect during the period beginning 2011 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all agreements pursuant to which YOU obtained incoming phone calls or leads that generated customers or customer accounts that YOU sold to LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS which constitute, show, reflect or relate to payments made to YOU by LIFEWATCH at any time during the period beginning 2011 to the present.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS which constitute or relate to customer orders for medical alert systems submitted by YOU to LIFEWATCH.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS which show or reflect sales of customer accounts by YOU to LIFEWATCH.

(*See* Ex. A.)

JAMP did not serve any response or objections to the above requests for production contained in the Subpoena, nor did it move to quash the Subpoena.

## IV. LIFE ALERT'S MOTION SHOULD BE GRANTED AND PRODUCTION MADE OF ALL RESPONSIVE DOCUMENTS WITHOUT OBJECTION

A Rule 45 subpoena is a discovery vehicle used against non-parties to, among other things, obtain documents relevant to a pending lawsuit. Pursuant to Fed.R.Civ.P. 45, a non-party must either comply with the subpoena, serve written objections, or move to quash within the timeframe provided under Fed.R.Civ.P. 45. *See*, *e.g.*, Fed.R.Civ.P. 45(c)-(e); *see also* Fed.R.Civ.P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). If the non-party does not serve written objections with the time period allotted, the non-party waives all objections to the subpoena. *See*, *e.g.*, *Standard Chlorine of Delaware, Inc. v. Sinibaldi,* 821 F.Supp. 232, 261 (D. Del. 1992); ("Defendants' failure to provide a proper and timely response to Standard's discovery request

-10-

constitutes a waiver of any and all objections to said request.") (citing *Daumer v. Allstate Ins. Co.*, 1992 WL 277650, at *1 (E.D. Pa. 1992) ("Failure to make timely objections [to document requests] constitutes a waiver of any objections [non-objecting party] might have had.").

Fed.R.Civ.P. 26 liberally permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," including any discovery that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b); *see also Pacitti v. Macy's*, 193 F.3d 766, 778 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery."); *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178 (D. Del. 2003) ("[T]he definition of 'relevance' under the Federal Rules of Evidence is famously broad, see Fed. R. Evid. 401, and, commensurate with that breadth, the tools of discovery for uncovering relevant evidence cut a wide swath."). Indeed, it is axiomatic that the scope of discovery is even broader than the scope of admissibility, such that parties need not demonstrate that documents or information sought would be admissible at trial in order to obtain discovery of such matters. *See Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1201 (3d Cir. 1989) ("The Federal Rules themselves recognize the reliance aspect of discovery, permitting parties to request information inadmissible at trial where such request is 'reasonably calculated to lead to the discovery of admissible evidence.'") (quoting Fed.R.Civ.P. 26(b)(1)).

JAMP has failed to respond, object, or produce any documents responsive to the Subpoena. It likewise failed to move to quash within the timeframe provided under Fed.R.Civ.P. 45(d)(3). It has, therefore, waived all objections to the Subpoena.

JAMP has also unquestionably withheld relevant and responsive documents without justification or excuse. For example, JAMP has not produced a "Purchase Agreement," any drafts of it, or any communications related thereto. Nor has JAMP provided any documents

related to the number of customers obtained by JAMP for LifeWatch, communications related to those customers, or payments made to JAMP for those customers.  Each of these categories of documents was requested by Life Alert (*see*, *e.g.*, Ex. A at Document Request Nos. 9-13 and 19-22), is relevant to Life Alert's claims against LifeWatch, and must be produced by JAMP.

By way of further example, JAMP has not produced any communications at all, despite the fact that communications with LifeWatch are responsive to numerous of Life Alert's document requests.  (*See* Ex. A at Document Request Nos. 2, 4, 6-8, 10, 13-15.)  Further, as an outside seller/telemarketer, JAMP should have been provided a copy of the preliminary injunction issued by the California District Court (pursuant to the California District Court's order), but JAMP has not produced the document itself or any communications related to it. They are responsive to at least Document Request Nos. 7 and 8.

Finally, JAMP has withheld even those documents that support the conclusory contentions in the declaration it submitted on behalf of LifeWatch.  It goes without saying such documents are responsive to the Subpoena, which calls for, *inter alia*, copies of all telemarketing scripts, communications with LifeWatch related to those scripts, all agreements between JAMP and LifeWatch, all communications with LifeWatch related to customer solicitation, customer complaints, and robocalling, the identity of any companies besides LifeWatch to which JAMP has provided personal response services or products, all audiotapes or recordings of conversations with customers that JAMP obtained for LifeWatch, and documents reflecting customer orders and accounts sold by JAMP to LifeWatch.  (Document Requests 1-2, 9 13-17, 19, 21-22.)  Indeed, the Subpoena specifically calls for "all declarations or affidavits signed by [JAMP] that [it] provided to LIFEWATCH and any drafts thereof," and all communications between JAMP and LifeWatch regarding any declaration signed by JAMP.  (Document Requests

-12-

5-6.)  JAMP failed to provide those responsive documents, as well.  JAMP's blatant refusal to honor its discovery obligations while simultaneously providing assistance to LifeWatch in the California Action should not be countenanced by the Court.

For all of the above reasons, Life Alert's motion should be granted, and JAMP should be compelled to produce _all_ documents responsive to the Subpoena and verify, under oath, that all responsive documents have been produced.  Pursuant to an agreement between Life Alert and LifeWatch, should JAMP produce any documents that identify customers, the customer information will be redacted by Life Alert and such redaction will be shown to LifeWatch.

## V.      **REQUEST FOR EXPEDITED PROCEEDINGS**

Given that discovery in the California Action is currently set to close on January 30, 2015, Life Alert respectfully requests that the Court expedite any briefing and ruling on its motion to compel.

## VI.      **CERTIFICATE OF GOOD FAITH EFFORTS (LOCAL RULE 7.1.1)**

Pursuant to Local Rule 7.1.1, Life Alert certifies that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in this motion.  Specifically, Counsel for Life Alert contacted JAMP in a good faith effort to resolve this dispute without intervention of the Court, but has been unable to reach a resolution, as JAMP refuses to respond to Life Alert's communications or engage in any way in the meet and confer process.

## VII.      **CONCLUSION**

For all the foregoing reasons, Life Alert respectfully requests that the Court enter an order:  (1) directing JAMP to comply with the Subpoena, produce _all_ responsive documents without objection, and verify, under oath, that all responsive documents have been produced; and (2) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Jill Pietrini                              By: */s/ Tyler J. Leavengood*
Danielle Levine                                 Brian C. Ralston (Del. Bar No. 3770)
SHEPPARD MULLIN RICHTER &                       Tyler J. Leavengood (Del. Bar No. 5506)
HAMPTON LLP                                     1313 North Market Street
1901 Avenue of the Stars, Suite 1600            P.O. Box 951
Los Angeles, CA 90067-6017                      Wilmington, DE  19899-0951
Tel: (310) 228-3700                             Tel:  (302) 984-6000
                                                bralston@potteranderson.com
                                                tleavengood@potteranderson.com

December 23, 2014                          *Attorneys for Petitioner and Plaintiff Life Alert*
                                           *Emergency Response, Inc.*

1176198

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via hand delivery or email this 23rd day of December 2014, on all counsel or parties of record on the Service list below:

| | |
|---|---|
| JAMP Promotions, LLC<br>c/o United States Corporations Agents, Inc.<br>Registered Agent<br>1521 Concord Pike<br>Suite 301<br>Wilmington, DE 19803 | William Armstrong<br>Armstrong & Associates, LLP<br>One Kaiser Plaza, Suite 625<br>Oakland, California 94612<br>(510) 433-1191<br>Email: bill.armstrong@armstrongetal.com<br><br>*Attorneys for California Action Defendant LifeWatch, Inc.* |
| Gregory B. Wood<br>Todd M. Malynn<br>Feldman Gale, P.A.<br>880 West First Street, Suite 315<br>Los Angeles, CA 90012<br>Tel: 213-625-5992<br>Fax: 213-625-5993<br>Email: gwood@feldmangale.com<br>      tmalynn@feldmangale.com<br><br>*Attorneys for California Action Defendant Live Agent Response 1 LLC* | Jason Sultzer / Joseph Lipari<br>The Sultzer Law Group<br>77 Water Street, 8th Floor<br>New York, New York 10005<br>Phone: 646-722-4266 / Fax: 888-749-7747<br>Email: sultzerj@thesultzerlawgroup.com<br>      liparij@thesultzerlawgroup.com<br><br>*Attorneys for California Action Defendant LifeWatch, Inc.* |

POTTER ANDERSON & CORROON LLP

By: */s/ Tyler J. Leavengood*
     Brian C. Ralston (Del. Bar No. 3770)
     Tyler J. Leavengood (Del. Bar No. 5506)
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     Tel:  (302) 984-6000
     bralston@potteranderson.com
     tleavengood@potteranderson.com

     *Attorneys for Petitioner and Plaintiff Life Alert Emergency Response, Inc.*